IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EARL RALPH JACOBS,**

    **Plaintiff,**

    v.                                              Civil Action 2:16-cv-770
                                                        Judge Algenon L. Marbley
                                                        Magistrate Judge Jolson

**WARDEN BRIAN COOK,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Because Plaintiff, a prisoner, seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint (Doc. 1-1). 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Applying those standards here, the undersigned **RECOMMENDS DISMISSAL**.

In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Here, Plaintiff has named one Defendant, Brian Cook, who is Warden of the Southeastern Correctional Institution (Doc. 1 at 1). If Plaintiff is seeking to bring a personal liability suit pursuant to 42 U.S.C. § 1983, he must allege that Warden Cook, acting under the color of law, deprived him of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In contrast, if Plaintiff is seeking to bring an official capacity suit pursuant to 42 U.S.C. § 1983, he must allege that the entity's "'policy or custom' . . . played a part" in Warden Cook's violation of federal law. *Id*. (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978)). Even liberally construed, Plaintiff's complaint fails to state a claim against Warden Cook in his personal or official capacity.

In his three-page Complaint, Plaintiff alleges violations of seven of his constitutional rights—the "1st, 5th, 6th, 8th, 13th, 14th, and 15th" Amendments. (Doc. 1 at 1). He additionally cites three articles of the Ohio Constitution. (*Id.*) Plaintiff does not, however, provide satisfactory allegations regarding any of these alleged violations. For example, his second cause of action cursorily states that "[t]he State of Ohio violated all due process of law that the Constitution provides"; his third cause of action lists illegal conduct without any supporting facts; and his fourth cause of action claims Defendant "conspired" but does not state what he conspired to do. Accordingly, these counts contain only "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action," and are insufficient. *See Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). As for the remaining counts (one and five), they are unintelligible and lack "basic pleading essentials," which are required. *Wells v. Brown*, 891 F.2d

591, 594 (6th Cir. 1989).  Put simply, Plaintiff has not stated a claim for relief.

In addition, much of the Complaint alleges wrongful detention.  (*See, e.g.*, Doc. 1-1 at 2 (alleging "Brian Cook illegally detained the plaintiff"); *id.* at 1 (alleging incarceration in violation of the U.S. Constitution); *id.* at 2 (alleging "Illegal detention")).  Those claims cannot proceed under §§ 1983 or 1985 unless and until Plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Thus, challenges to the fact or duration of one's confinement, *i.e*., challenges falling "within the traditional scope of habeas corpus," are not cognizable under either §§ 1983 or 1985. *Lanier*, 332 F.3d at 1005-06 (extending *Heck* to claims under § 1985). *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).

Finally, while not completely clear, it appears that almost everything about which Plaintiff complains happened a long time ago.  For example, he claims to have been incarcerated for 54 years (Doc. 1-1 at 1), and many of his allegations focus on the time of his conviction (*see, e.g.*, *id.* at 2 (alleging violation of speedy trial rights); *id*. (alleging malicious prosecution).  This matters because the statute of limitations for claims under 42 U.S.C. § 1983 arising in Ohio is two years, and any action filed under that section must be filed within two years of the date that the allegedly unconstitutional act occurred.  *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).  As such, much, if not all, of Plaintiff's Complaint is time-barred.  For this additional reason, the undersigned **RECOMMENDS DISMISSAL**.

3

Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 3, 2016               /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE

4