IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EARL RALPH JACOBS,** | : |
| | :    Case No. 16-cv-770 |
| **Plaintiff,** | : |
| | :    **JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | :    Magistrate Judge Jolson |
| **WARDEN BRIAN COOK,** | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

Before the Court is Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge (Doc. 10). For the reasons that follow, the Court **OVERRULES** the objection, **UPHOLDING** the judgment of the Magistrate Judge, **DISMISSING** this case.

### I. BRIEF BACKGROUND

On October 3, 2016, the Magistrate Judge recommended that the Complaint in the above-styled matter be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), which demand dismissal of a complaint or any portion thereof that a court finds is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 29 U.S.C. § 1915(e)(2)(i)-(iii).

Plaintiff filed his Complaint with the Court on September 29, 2016, alleging violations of the First, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution, along with claims arising under the Ohio Constitution. He is suing Brian Cook, Warden of the Southeastern Corrections Institution, under 42 U.S.C. § 1983. In his Objection, Plaintiff also moves the Court to appoint him counsel under the Sixth Amendment to the United States Constitution.

## II. DISCUSSION

As the Magistrate Judge laid out in its Report and Recommendation, a plaintiff may bring a suit against a state actor for personal liability if the defendant, acting under the color of law, deprived the plaintiff of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A plaintiff may bring an action for liability in such a defendant's official capacity if the plaintiff successfully proves that the entity's "'policy or custom' . . . played a part" in the defendant's violation of the federal law. *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

The Magistrate Judge recommends dismissal for three reasons: (1) Plaintiff does not provide satisfactory allegations regarding any of the violations he alleges; (2) much of the complaint concerns wrongful detention, which may not proceed under 42 U.S.C. § 1983 unless and until Plaintiff's underlying conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); and (3) the allegations concern activity that took place well before the two-year window during which, after the constitutional violations had occurred, Plaintiff may bring a suit under § 1983 in Ohio. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989).

Plaintiff makes several arguments, only one of which is on point. The pertinent argument is that the Court cannot hold him to the same stringent standard as a trained lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This is true yet unpersuasive, because the Magistrate Judge's Report and Recommendation acknowledged as much, (*see* Doc. 10 at 2), and this Court on review finds nothing amiss with the Magistrate Judge's application of that standard. Plaintiff's remaining arguments are unintelligible or outlandish, and they include what seems to

2

be an allegation that the Court's conduct has somehow violated the separation of powers doctrine, an argument that God is more important than the government, and a request for emancipation from slavery. In any event, because the arguments do not direct the Court to any of the bases of the Magistrate Judge's recommendation that the matter be dismissed, the Court will not address those arguments.

And because Plaintiff's Objection provides no colorable argument why insufficient pleading or the statute of limitations does not bar this action, Plaintiff objects neither specifically nor understandably to the Magistrate Judge's recommendation. The Court therefore **OVERRULES** Plaintiff's Objection, **UPHOLDING** the Report and Recommendation of the Magistrate Judge, **DISMISSING** this case. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (objections to a magistrate's report and recommendation "must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Court also **DENIES** Plaintiff's request to appoint counsel. Plaintiff is not under accusation of the government in a criminal proceeding, and the Sixth Amendment affords the assistance of counsel only in such cases. U.S. Const. amend. VI.

This case is **DISMISSED.**


**IT IS SO ORDERED.**

                                                         <u>s/Algenon L. Marbley</u>
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT COURT**